UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL NAVARRO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C.E. DUCART,<br><br>　　　　　Respondent. | Case No.  15-2954 AG(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

On March 23, 2015, petitioner signed and is deemed to have constructively filed[1] a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition") and an accompanying memorandum ("Petition Memo") with exhibits ("Petition Ex."). The Petition challenges petitioner's 2008 sentence, following his plea of nolo contendere, in Los Angeles County Superior Court. (Petition at 2). Although not a model of clarity, the Petition, construed liberally, appears to claim that the imposition of both a firearm enhancement and a gang enhancement was not authorized by state law, and violated the Double Jeopardy Clause of the Fifth

///

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988).  The Petition was formally filed on April 21, 2015.

1

Amendment to the United States Constitution and California Penal Code section 1170.1(f). (Petition Memo at 1-7).

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on Monday, February 2, 2009 – effectively sixty days after sentencing on December 2, 2008 (Petition at 2) – when the time to appeal the judgment expired. See Cal. R. Ct. 8.308(a); Cal. Civ. Proc. §§ 10, 12, 12a.[2] Therefore, the statute of limitations commenced to run on February 3, 2009, and absent tolling, expired on February 2, 2010 – more than five years before petitioner filed the instant Petition.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-

---

[2] As the actual sixtieth day after petitioner's sentencing – January 31, 2008 – fell on a Saturday, petitioner had until Monday, February 2, 2009, to appeal. See Cal. Civ. Proc. §§ 10, 12, 12a.

year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). Here, the record does not reflect that petitioner is entitled to any statutory tolling because it does not appear that any of his post-conviction challenges to his conviction were filed or pending between February 3, 2009 and February 2, 2010, when the statute of limitations in petitioner's case ran.

More specifically, on June 13, 2013, petitioner filed a habeas petition in the California Court of Appeal in Case No. B249339, which such court denied without comment on June 20, 2013.[3] On July 10, 2013, petitioner filed a habeas petition in the California Supreme Court in Case No. S211976, which such court denied with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) on September 11, 2013, signifying that it rejected such petition as untimely.[4] Thorson v. Palmer,

---

[3]Although petitioner omits reference to such filing in the Petition (see Petition at 3-5), this Court takes judicial notice of the docket of the California Court of Appeal, available via http://appellatecases.courtinfo.ca.gov, which so reflects. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). The Court further notes, based on a reference in the Los Angeles County Superior Court's November 21, 2014 order denying a habeas petition filed in such court (Petition Ex. B), that the above-referenced petition filed by petitioner in the Court of Appeal, may well have been preceded by a habeas petitioner filed in the Superior Court, as to which petitioner again omits reference in the federal Petition. (Compare Petition Ex. B [referencing petitioner's "last habeas petition" in which petitioner "raised the legality of imposing both the gang and gun enhancement" which was denied, and that the petition in issue "essentially raise[d] the same issue again"] with Petition at 2-5 [omitting reference to any such prior petition]). While the Court presumes that such prior Superior Court petition was filed in 2013, *i.e.*, reasonably contemporaneous with the presumably subsequent filing in the Court of Appeal, petitioner's response to this Order to Show Cause must, at a minimum, provide the date/approximate date of the filing of such Superior Court petition and ideally would also include a copy of such petition and the Superior Court's order regarding the same.

[4]Although petitioner omits reference to such filing in the Petition (see Petition at 3-5), this Court takes judicial notice of the docket of the California Supreme Court, available via http://appellatecases.courtinfo.ca.gov, which so reflects. See Fed. R. Evid. 201; Harris, 682 F.3d at 1131-32.

479 F.3d 643, 645 (9th Cir. 2007). On November 21, 2013, petitioner filed a habeas petition in the Los Angeles County Superior Court which such court denied on the same date on procedural grounds and on the merits.[5] (Petition Ex. B). On January 3, 2014, petitioner filed another habeas petition in the Court of Appeal in Case No. B253465, which such court denied without comment on February 7, 2014. (Petition Ex. C). On March 10, 2014, petitioner filed a habeas petition in the California Supreme Court in Case No. S217085, which such court denied with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Miller, 17 Cal. 2d 734, 735 (1941) on May 14, 2014.[6] Petitioner's late-filed habeas petitions cannot revive the expired limitations period for the Petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is

///
///

---

[5] As to the merits of petitioner's challenge to the legality of imposing both the gang and gun enhancement, the Superior Court stated:

> The Petitioner misreads Penal Code Section 1170.1(f). It states, "when two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancement[s] shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancement[s] applicable to that offense, including an enhancement for the infliction of great bodily injury . . . " [¶] The gang enhancement falls under the category of "other enhancement[s]" and is properly imposed along with the gun enhancement.

(Petition Ex. B at 1-2) (quoting former/then applicable Cal. Penal Code § 1170.1(f)).

[6] As noted above, the citation to Robbins signifies that the California Supreme Court rejected petitioner's habeas petition as untimely. Thorson, 479 F.3d at 645. The citation to Miller signals that a "prior petition for a writ of habeas corpus was filed . . . and was based on the same grounds set forth in the present petition . . . and since that time no change in the facts or the law substantially affecting the rights of the petitioner has been disclosed." Miller, 17 Cal. 2d at 735; see also Kim v. Villalobos, 799 F.2d 1317, 1319 n.1 (9th Cir. 1986) (citation to Miller signals that court denied petition for same reasons it denied prior petition).

filed), cert. denied, 540 U.S. 924 (2003). Accordingly, statutory tolling does not render the Petition timely filed.[7]

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Here, it does not appear from the face of the Petition and supporting documents that petitioner has met such burden. While petitioner appears to suggest that he was ignorant of the law (Petition at 3), the Petition and supporting documents before the Court fail to demonstrate that such factor merits equitable tolling in this case. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir.) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") (citation omitted), cert. denied, 558 U.S. 897 (2009). As noted above, it does not appear that petitioner filed a state habeas petition until 2013 – more than three years after his conviction became final. This does not bespeak the

///

---

[7] Petitioner appears to argue that the Court should excuse any procedural default attributable to the California Supreme Court's rejection of his state habeas petitions on procedural grounds and should address the merits of his claim because a fundamental miscarriage of justice would otherwise occur. (Petition Memo at 1, 7-10). First, as noted above, it appears that the federal Petition is time-barred irrespective of whether or not petitioner's state habeas petitions were themselves deemed untimely by the state courts. Second, an analysis of whether petitioner's claim has been procedurally defaulted and whether any such procedural default should be excused is not pertinent to whether petitioner's claim is barred by the one-year statute of limitations which governs the Court's assessment of federal habeas petitions. Third, in any event, petitioner falls well short of demonstrating that a fundamental miscarriage of justice would occur if this Court declined to consider the merits of his claim. Indeed, the Superior Court appears to have correctly determined that petitioner simply misapprehends the governing state law and that his claim is without merit.

existence of an extraordinary circumstance or the type of diligence necessary to invoke equitable tolling.

      Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction (or the propriety of his sentence) to permit the Court to consider his apparently otherwise time-barred claim.

///

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order, why this action should not be dismissed as time-barred.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, petitioner is advised that any dismissed claim may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action with prejudice based upon petitioner's claim being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.

DATED:  April 29, 2015

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE